FILED

JUN 08 2015

Clerk, U S District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BRET ALLEN HITSHEW,<br><br>Defendant. | CR 13-25-BLG-SPW<br><br>OPINION AND ORDER |

Before this Court is Defendant Bret Hitshew's Motion for Amended Judgment. (Doc. 50). For the reasons set forth below, Hitshew's motion is denied.

I.  **Background**

On December 7, 2012, Hitshew was arrested for drunk driving. He had a rifle in his car at the time and was a convicted felon. He was sentenced in this Court on March 19, 2015, to 27 months to run concurrent with Hitshew's state sentence for his pending DUI felony, which had not yet been imposed. This Court also intended that Hitshew's federal concurrent sentence would run back to the day he was arrested, December 7, 2012, because Hitshew had been in state custody since that date.

The Court issued its Judgment on March 19, 2015, committing Hitshew to the custody of the United States Bureau of Prisons for 27 months, to run concurrent

with any sentence he received in state court for his pending DUI felony charge in DC 12-756, pursuant to U.S.S.G. § 5G1.3(c). Hitshew moved for leave to amend the judgment based on the fact that it did not provide the BOP with sufficient direction to run his federal sentence back to December 7, 2012. After receiving Hitshew's motion, the Court was advised by the Bureau of Prisons that the Court is statutorily prohibited from telling the Bureau of Prisons that Hitshew's pre-sentence incarceration time should be allocated to his federal sentence.

## II. Discussion

No authority exists for this Court to amend Hitshew's judgment as he suggests. Hitshew points the Court to Fed. R. Crim. Pro. 35(a), which states in relevant part, "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Unfortunately, Hitshew did not move for leave to amend his judgment until 55 days after he was sentenced.[1] (Doc. 47). According to Ninth Circuit precedent, his motion must be denied as a result of missing the 14 day deadline. *See United States v. Aguilar–Reyes*, 653 F.3d 1053, 1055-56 (9th Cir. 2011) (holding "the fourteen day provision in Rule 35(a) is jurisdictional" and reinstating defendant's original sentence when defendant was originally sentenced on March 1st, defendant filed a

---

[1] The Court recognizes this was due in part to the fact that Hitshew's counsel was waiting on the sentencing transcript to make his argument, but the Court finds no support for the theory that this somehow extends the deadline.

Rule 35(a) motion on March 5th, the district court held a hearing on the Rule 35 motion on March 29th, and resentenced defendant on April 12th); *see United States v. Penna*, 319 F.3d 509, 510 (9th Cir. 2003) ("We hold that the seven-day[2] requirement in Rule 35(c) is a jurisdictional requirement. Here, because the district court vacated Penna's sentence within seven days, but did not resentence him within the same seven day period, it lacked jurisdiction under Rule 35(c) to resentence Penna."); *see United States v. Barragan—Mendoza*, 174 F.3d 1024, 1030 (9th Cir. 1999) (stating 'the district court did not 'act' within seven days from the imposition of sentence and therefore lacked jurisdiction thereafter to modify Barragan's sentence.").

### III. Conclusion

Because the 14 day window passed, this Court lacks jurisdiction to modify Hitshew's judgment. Accordingly, IT IS ORDERED that Hitshew's motion (doc. 50) is DENIED.

DATED this 8th day of June 2015.

SUSAN P. WATTERS
United States District Judge

---

[2] In 2009, Rule 35(a) was amended to change the deadline from seven days to fourteen days. Fed. R. Crim. P. 35.