

**FILED**

DEC 2 9 2015

Clerk, U.S. District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

vs.

BRET ALLEN HITSHEW,

Defendant.

Cause No. CR 13-25-BLG-SPW

ORDER GRANTING § 2255
MOTION AND DENYING
CERTIFICATE OF APPEALABILITY

This case comes before the Court on Defendant Bret Allen Hitshew's motion

to "reappear" for sentencing. On September 25, 2015, the Court advised Hitshew

that it intended to recharacterize the motion as one under 28 U.S.C. § 2255.

Hitshew was given an opportunity to withdraw his motion or to add any additional

claims for relief he wanted the Court to consider. (*See* Doc. 60 at 2-3); *Castro v.*

*United States*, 540 U.S. 375 (2003); 28 U.S.C. §§ 2255(h), 2244(b)(3).

On October 19, 2015, Hitshew responded by filing an amended motion

under 28 U.S.C. § 2255.

## I. Background

Although Hitshew pleads several grounds for relief, all of his allegations are

directed toward the manner in which his state sentence and federal sentence

interact.

Both the state and the federal charges arose from a traffic stop on December

1

7, 2012. A Montana Highway Patrol officer stopped Hitshew and eventually arrested him for driving under the influence of alcohol ("DUI"). He was charged with felony DUI. At the time of the stop, Hitshew was under supervision of the Department of Corrections because he had been convicted in October 2011 of felony criminal possession of dangerous drugs. When officers conducted a probation search of the vehicle, they found a .30-06 rifle in the back seat. (Doc. 44, Presentence Report ¶¶ 7-12). In addition to the felony drug conviction, Hitshew had previously been convicted of several other felonies, including burglary, theft, and forgery.

In this Court, on March 25, 2013, Hitshew was indicted on one count of being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1). He pled guilty on October 22, 2014. (Doc. 29).

Hitshew's federal sentence was imposed on March 19, 2015. At that time, his supervision on the October 2011 state drug offense had been revoked, (Doc. 44 at ¶ 36), and Hitshew had also pled guilty to the felony DUI charge. He had not, however, been sentenced on the felony DUI charge. (*Id.* at ¶ 39).

On the federal conviction, Hitshew was sentenced to serve 27 months in prison, to be followed by a three-year term of supervised release. The Court ordered that the federal sentence should run concurrently with the impending state DUI sentence. (Doc. 41; Doc. 42 at 2-3). At the sentencing hearing, the Court

2

stated that Hitshew's federal sentence would commence on the date of his arrest on the state charge, December 7, 2012. (*See* Doc. 49, Sentencing Transrcript at 27:2-28:8). Neither the United States nor Hitshew's counsel corrected that statement. (*Id.* at 28:9-17). If Hitshew's federal sentence commenced on December 7, 2012, he would have discharged it on March 7, 2015, even before the sentencing hearing on March 19, 2015. That is what Hitshew believed at the time he was sentenced in this Court. (*See id.* at 27:7-8). Again, no one corrected his understanding.

On April 1, 2015, Hitshew personally wrote a letter to the Court. He asked that the federal judgment be altered to reflect that the federal sentence should begin on December 7, 2012, as had been said at the sentencing hearing. (*See* Doc. 45 at 2). The Court took no action on the letter, but counsel for each party received it. *See* D. Mont. L.R. CR 44.1.

On May 13, 2015, Hitshew's attorney filed a motion seeking leave to file a motion to amend the judgment. Nine days after the motion for leave was granted, counsel filed a motion to amend the judgment.

On June 8, 2015, the motion to amend the judgment was denied. As the Court explained, once a sentence is pronounced, a district court may correct clerical or clear error in a sentence within 14 days after sentencing. Fed. R. Crim. P. 35(a), (c). Hitshew's counsel moved to amend the judgment 69 days after sentencing. Therefore, the Court had no jurisdiction to amend the judgment. (Doc.

3

51 at 2-3).

Over the next several months, Hitshew submitted a letter and three motions

seeking to obtain credit against his federal sentence for all time he spent in custody

since his DUI arrest on December 7, 2012. (*See* Docs. 52, 53, 55, 59). All of these

motions were denied because the Court no longer had jurisdiction to alter the

sentence. (*See* Docs. 54, 56, 60).

In the motion currently pending, Hitshew claims his counsel provided

ineffective assistance because he failed to ensure Hitshew would receive federal

credit for that time.

## II. Analysis

A federal sentence commences when it is pronounced. 18 U.S.C. § 3585(a).

"[A] federal sentence cannot be 'backdated' to commence before the district court

imposed the federal sentence." *Schleining v. Thomas*, 642 F.3d 1242, 1247 (9th

Cir. 2011). Hitshew's federal sentence could only have commenced on March 19,

2015, when it was imposed.

The Bureau of Prisons ("BOP"), not the sentencing court, is responsible for

calculating and implementing credit for time served. *United States v. Wilson*, 503

U.S. 329, 333 (1992). The BOP will award credit for time served in custody

before imposition of a federal sentence only if the defendant does not receive credit

for that time against any other sentence. 18 U.S.C. § 3585(b). In application to

4

Hitshew's case, counsel could and should have foreseen that Hitshew was unlikely to receive federal credit for time he served in custody between his arrest on December 7, 2012, and the commencement of his federal sentence on March 19, 2012. To whatever extent he received credit for any or all of that time against either his state revocation sentence or his state felony DUI sentence, the BOP would not give him the same credit against his federal sentence.

The fact that Hitshew's sentence was imposed to run concurrently with his felony DUI sentence meant that, from March 19, 2015, forward, Hitshew would receive credit against his federal sentence even if he also received credit against his felony DUI sentence. That is all it meant. A concurrent sentence does not mean the sentence will run day-for-day in tandem with another sentence. Imposing a concurrent federal sentence does not mean the sentence will commence before it is imposed and does not compel the BOP to give additional credit for time served in custody before the federal sentencing date.

U.S.S.G. § 5G1.3(b) and (c) explain how a defendant can obtain a lesser sentence and when a defendant is entitled to a concurrent sentence. Both subsections require a showing that an offense underlying custody on other charges is "relevant conduct" to the federal offense. In his sentencing memorandum, defense counsel stated that Hitshew's felony DUI conduct was "relevant conduct" to the felon in possession charge because "the Defendant was committing the state

5

DUI offense as one of the acts committed along with this offense." (Doc. 35 at 1-2). But "relevant conduct" has a definition in the Sentencing Guidelines. It is conduct that contributes to determination of the base offense level, to adjustments for specific offense characteristics or cross-references under Chapter 2 of the guidelines, or to adjustments under Chapter 3 of the guidelines. *See* U.S.S.G. § 1B1.3(a)(1)-(3), *cited in* § 5G1.3(b), (c). Hitshew's felony DUI offense was not relevant conduct to the felon in possession charge, because his drunk driving or felony DUI was not taken into account in any way in the guidelines that applied to his federal conviction. *See* U.S.S.G. § 2K2.1(a)(6), (b), (c); (Doc. 44, Presentence Report ¶¶ 17-25).

None of these points were conveyed to the Court by defense counsel or by counsel for the United States. Legal error was fundamental to the Court's selection of the appropriate sentence. Because the lawyers said so, the Court fully believed it had the authority to "back-date" Hitshew's federal sentence to December 7, 2012, that it was appropriate to do so, and that the Bureau of Prisons would execute that sentence. The United States not only acquiesced[1] but specifically denied having any legal objection to the sentence. (Doc. 49, Sentencing Tr. at

---

[1] The United States' only contribution was to suggest the Court should leave it to the state court to decide whether the state sentence would run concurrent with or consecutive to the federal sentence. Resp. to Def. Sentencing Mem. (Doc. 36) at 4. That, too, was ineffective counsel contrary to the law. The Bureau of Prisons is even less constrained by the intentions of a state court than it is bound by the intentions of a federal court. *See Setser v. United States*, ___ U.S. ___, 132 S. Ct. 1463, 1471 (2012).

6

28:12-14).

Under these circumstances, it is clear that counsel's advice to Hitshew – and, for that matter, to the Court – was ineffective. Hitshew was prejudiced not only because he was actively misled in open court but also because he did not receive the sentence that both parties and the Court intended and expected he would receive. Had the Court done at sentencing what both parties thought it was doing, neither party could have appealed. Hitshew would have the appropriate sentence today.

The only person who had no obligation to get the law right at sentencing was Hitshew. Therefore, he is entitled to be re-sentenced. His § 2255 motion is granted in full. Although all of his claims allege ineffective assistance of defense counsel, it should be clear that the United States is as culpable as defense counsel.

Because Hitshew prevails on all issues, a certificate of appealability is denied as unnecessary. 28 U.S.C. § 2253(c).

Accordingly, IT IS HEREBY ORDERED as follows:

1.      Hitshew's motion to reappear, recharacterized as a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 61), is GRANTED.

2.      A certificate of appealability is DENIED.

3.      The Judgment entered on March 19, 2015 (Doc. 42), is VACATED.

4.      The Federal Defenders shall promptly locate conflict-free counsel to

represent Hitshew at re-sentencing.

5.  Counsel shall immediately file a Notice of Appearance on Hitshew's behalf. At that time, the Court will issue a formal order of appointment.

6.  Sentencing will be set when Hitshew returns to the District of Montana.

7.  The United States Probation Office shall conduct a supplemental presentence investigation and prepare a supplemental presentence report.

8.  The probation officer shall disclose the completed supplemental report, except for recommendations of the probation officer, to Defendant, counsel for Defendant, and counsel for the government 14 days before sentencing. The probation officer shall not disclose any recommendation made or to be made to the Court.

9.  Counsel shall attempt in good faith to resolve disputes over any material in the supplemental presentence report. Unresolved objections to be relied upon at sentencing shall be presented to the probation officer seven or more days before sentencing. **Any unresolved objections are expected to be included in the pre-sentence report, not in a sentencing memorandum.**

10. The supplemental presentence report, in final form, including any unresolved objections, shall be delivered to the Court and the parties four days before sentencing.

11.     The parties shall be prepared to articulate their positions at sentencing. Sentencing memoranda will not be filed.

12.     The United States Marshals Service must transport Bret Allen Hitshew, BOP # 13311-046, to the District of Montana **as soon as possible**.  The Court intends to proceed to re-sentencing as quickly as possible.

13.     The United States Marshals Service shall immediately notify chambers when Hitshew is in the District of Montana.

14.     When an Amended Judgment is entered in the criminal case, the Clerk shall enter judgment in the civil action, by separate document, in favor of Hitshew and against the United States.

DATED this 29th day of December, 2015.

SUSAN P. WATTERS
United States District Judge

cc:     USPO
        USMS
        FDOM